AKRON BAR ASSOCIATION *v.* MEYER.

[Cite as *Akron Bar Assn. v. Meyer* (1999), 87 Ohio St.3d 324.]

(No. 99–1574—Submitted October 12, 1999—Decided December 15, 1999.)

*Stephen A. Fallis, Joseph S. Kodish* and *James Whited,* for relator.

*John A. Casalinuovo,* for respondent.

---

***Per Curiam.*** We adopt the findings, conclusions, and recommendation of the board. A definite suspension from the practice of law with a portion of the suspension stayed is an appropriate sanction for respondent's misconduct, as mitigated by respondent's sincere efforts to treat his substance-abuse addictions and his complete restitution of the public assistance he illegally obtained. See, *e.g., Disciplinary Counsel v. Carter* (1994), 68 Ohio St.3d 568, 629 N.E.2d 430; *Disciplinary Counsel v. McElrath* (1994), 71 Ohio St.3d 131, 642 N.E.2d 370; *Akron Bar Assn. v. Bonetti* (1996), 74 Ohio St.3d 204, 658 N.E.2d 250, all cases in which respondents received treatment for substance-abuse dependency in lieu of conviction. Although not explicit in the board's findings, there is testimony in the record that respondent and his family did qualify initially for public assistance when respondent first applied for it (after moving his family back to Ohio in 1993 following his loss of employment in North Carolina) and that respondent repaid all of the public assistance he had received, even the amounts for which he arguably had qualified. Accordingly, respondent is hereby suspended from the practice of law in Ohio for two years, with the second year of the suspension stayed, and respondent is to be monitored by relator and the Ohio Lawyers' Assistance Program for both years. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.